Filed 9/15/25  P. v. Archuleta CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MARTIN DUET ARCHULETA,<br><br>  Defendant and Appellant. | G064185<br><br>(Super. Ct. No. M-20705)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jeannie M. Joseph, Judge. Reversed and remanded with directions.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve

Oetting and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

*     *     *

Martin Duet Archuleta appeals from the trial court's order denying his petition to terminate his sex offender registration pursuant to Penal Code section 290.5.[1] After reviewing the evidence, we conclude the district attorney failed to carry their burden of demonstrating denial of Archuleta's petition would significantly enhance community safety, and therefore, the trial court erred in denying the petition. We reverse and remand with directions to grant Archuleta's petition.

FACTS

In 1993, Archuleta was convicted of misdemeanor sexual battery involving a restrained person (§ 243.4, subd. (d)) for grabbing a stranger's buttocks in an elevator. He was required to register as a sex offender pursuant to section 290. In 1995, Archuleta was convicted of felony indecent exposure (§ 314.) The details of this registrable offense are unknown. He was incarcerated and required to continue registration as a sex offender.

In 2023, Archuleta filed a Petition for Termination (the petition) to terminate his sex offender registration. He stated he was not in custody or on parole, probation, post-conviction release, or any other form of supervised release. He further stated he was designated as a Tier 1 – Adult registrant and had been registered for at least 10 years. The petition was served on the Santa Ana Police Department and the Orange County District Attorney.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2

The Santa Ana Police Department certified (1) Archuleta was a Tier 1 – Adult Registrant; (2) there were no pending charges against him which would extend the time to complete the registration requirements; (3) he was not on parole, probation, or supervised release; and (4) he was not in custody. The Santa Ana Police Department also certified Archuleta had no failure-to-register convictions, and even when his total incarceration time was excluded from the relevant period, he still completed the minimum mandated date of his last registrable sex offense. It determined Archuleta was eligible for termination from the sex offender registration.

The district attorney objected to the petition on the sole basis that community safety would be significantly enhanced by Archuleta's continued registration. At the hearing on the petition, the district attorney offered the underlying police reports from the 1993 sexual battery and 1995 indecent exposure convictions, as well as a report of an uncharged rape in 2010. The most recent Static-99 report[2] was from 2012 and there were no other reports regarding Archuleta's risk of reoffending.[3] The district attorney conceded Archuleta had not committed any registrable offense since 1995.

_____

[2] Since January 1, 2007, the State-Authorized Risk Assessment Tool for Sex Offenders (SARATSO) has been the Static-99 risk assessment scale. (§ 290.04, subds. (a), (b)(1).)

[3] It is unclear from the record where the trial court obtained the 2012 Static-99 report because the district attorney did not present the report as evidence at the hearing on Archuleta's petition. Because the 2012 Static-99 report was not part of the record on appeal, we requested the parties submit a copy of the report and provide supplemental briefing regarding its import. We conclude the court took proper judicial notice of the report pursuant to section 290.5, subdivision (a)(3).

The trial court denied the petition on the following grounds: the victim of the sexual battery was 33 years old and a stranger; Archuleta had been arrested but not charged for rape in 2010; he had a non-sex offense criminal history involving drugs, alcohol, and theft; he had a Static-99 score of 9 in 2012; and he had not completed a sex offender treatment program. After denying the petition, the court set a period of two years before Archuleta could refile a termination petition.

Archuleta timely appealed.

DISCUSSION

I.

THE TRIAL COURT ERRED IN DENYING THE PETITION

We conclude the court abused its discretion in denying the petition because the district attorney failed to demonstrate Archuleta's continued registration would appreciably increase community safety.

*A. Legal Standard*

Section 290.5, subdivision (a)(1) provides that a "person who is required to register pursuant to Section 290 and who is a tier one or tier two offender may file a petition in the superior court in the county in which the person is registered for termination from the sex offender registry . . . , following the expiration of the person's mandated minimum registration period . . . ." Unless the district attorney objects by requesting a hearing, "the petition for termination shall be granted if the court finds the required proof of current registration is presented in the petition, provided that the registering agency reported that the person met the requirement for termination pursuant to subdivision (e) of Section 290, there are no pending charges against the person which could extend the time to complete the registration requirements of the tier or change the person's tier status, and

4

the person is not in custody or on parole, probation, or supervised release." (§ 290.5, subd. (a)(2).)

If the district attorney objects, "the district attorney shall be entitled to present evidence regarding whether community safety would be significantly enhanced by requiring continued registration." (Pen. Code, § 290.5, subd. (a)(3).) Stated differently, "the prosecution must produce evidence establishing that requiring continued registration appreciably increased society's safety." (*People v. Thai* (2023) 90 Cal.App.5th 427, 432 (*Thai*).) Because Penal Code section 290.5 does not specify the applicable standard of proof, the prosecutor has the burden of proof by a preponderance of the evidence. (Evid. Code, § 115 ["Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence"].)

"In determining whether to order continued registration, the court shall consider: [1] the nature and facts of the registerable offense; [2] the age and number of victims; [3] whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours); [4] criminal and relevant noncriminal behavior before and after conviction for the registerable offense; [5] the time period during which the person has not reoffended; [6] successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and [7] the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available. Any judicial determination made pursuant to this section may be heard and determined upon declarations, affidavits, police reports, or any other evidence submitted by the parties which is reliable, material, and relevant." (§ 290.5, subd. (a)(3).) "If termination from the registry is denied, the court shall set the time period after which the person can repetition for

5

termination, which shall be at least one year from the date of the denial, but not to exceed five years, based on facts presented at the hearing." (§ 290.5, subd. (a)(4).).

We review the trial court's ruling on a petition for termination from the sex offender registry for abuse of discretion. (*Thai, supra*, 90 Cal.App.5th at p. 433.) "To establish an abuse of discretion, a defendant must demonstrate the trial court's decision fell outside the bounds of reasons, i.e., was arbitrary, capricious, or patently absurd." (*Ibid.*) "A trial court abuses its discretion when its factual findings are not supported by the evidence, or its decision is based on an incorrect legal standard." (*Ibid.*)

*B. Analysis*

The district attorney failed their burden of establishing, by a preponderance of the evidence, that Archuleta's continued registration would appreciably increase community safety.

The trial court's denial of the petition was based almost entirely on statutory factors 1–3 regarding the facts of the registrable offenses, including those relating to the victim. However, we have held a petitioner's sex offense is insufficient by itself to demonstrate he presents a significant current risk to community safety. (*Thai, supra*, 90 Cal.App.5th at p. 434 ["Assuming for purposes of argument the 1997 offense [a tier 2 registrable sex crime] was egregious, those facts alone do not demonstrate Thai was a risk to the community over 24 years later"].) Here, Archuleta's 1993 misdemeanor conviction for sexual battery and 1995 conviction for indecent exposure, tier 1 registrable sex crimes, do not, without more, demonstrate he is a risk to the community 30 years later. Moreover, the fact the registrable offenses were committed over several years does not support denial of the

6

petition. The evidence does not show the sex crimes were numerous or of increasing seriousness.

The remaining factors similarly do not support denial of the petition. The district attorney conceded there were no relevant noncriminal behaviors before or after the convictions. The only relevant criminal behavior the district attorney submitted were convictions for low level offenses such as vandalism, battery, petty theft, and drug possession, all nonsexual crimes which do not, without more, demonstrate a continued risk to the community sufficient to require continued sex offender registration. The dearth of evidence regarding the sixth factor, completion of sex offender treatment, also does not support denial of the petition. Finally, as to the seventh factor, current risk of sexual or violent re-offense, Archuleta was last evaluated at a high risk category of 9 in 2012 and has not been reassessed since. There was no evidence in the record of the import of the 2012 risk evaluation, including whether Archuleta's current age of 53 and lack of additional sex offenses during the past 30 years might lessen the risk of recidivism. (See *People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1067–1068, fn. 6 [noting more recent revised version of the Static-99 "takes into account the age of a sexual offender based on statistics showing the risk of sexual reoffense decreases as the offender ages"].) Accordingly, the 2012 Static-99 was inadequate, without more, to demonstrate Archuleta's *current* risk of sexual or violent re-offense.

Archuleta has complied with all of the registration requirements for two sex offenses committed in 1993 and 1995 and has not committed any further registrable offenses in the last 30 years. None of the risk factors either singly or in combination demonstrate he poses a continued risk to public safety. Accordingly, because the district attorney failed to prove by a preponderance of the evidence that requiring Archuleta's continued

7

registration would significantly enhance community safety, the trial court erred in denying the petition.

DISPOSITION

The trial court's postjudgment order is reversed, and the matter is remanded with directions to grant the petition.


DELANEY, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SANCHEZ, J.